Thomas L. Sansonetti, PC (WSB # 5-1546)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: (307) 778-4200
tlsansonetti@hollandhart.com

ATTORNEYS FOR PLAINTIFF

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 JUL 15 PM 4:08

STEPHAN HARRIS, CLERK
CHEYENNE

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING**

FORWARD CODY WYOMING, INC.,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.

Civil Action No. 19cv147-R

**COMPLAINT**

Plaintiff Forward Cody Wyoming, Inc. ("Forward Cody" or "Plaintiff"), through undersigned counsel, files this Complaint against the United States of America, and states as follows:

**NATURE OF THE ACTION**

1. Forward Cody seeks cost recovery and contribution under the Comprehensive Environmental Response, Compensation and Liability Act, as amended, 42 U.S.C. § 9601 et seq. ("CERCLA") regarding certain areas of hazardous substance contamination in and around the City of Cody, Park County, Wyoming.

2. Forward Cody has incurred environmental sampling and clean up costs, inter alia, in and around Cody, Wyoming. Because the Defendant United States of America, acting through the Department of the Interior's Bureau of Reclamation ("BOR") caused, inherited or

contributed to the environmental contamination addressed by Forward Cody, the United States of America is liable for cost recovery under CERCLA § 107 and, alternatively, for contribution under CERCLA § 113.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the parties and allegations in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1346, and 42 U.S.C. §§ 9607 and 9613(b). Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(b), because a substantial portion of the acts and omissions that give rise to these claims occurred within this District; and pursuant to 42 U.S.C. § 9613(b), because Plaintiff's hazardous substance releases occurred, and Forward Cody's damages were incurred in this District.

## FACTUAL BACKGROUND

4. Prior to 2001 the United States Department of the Interior's BOR was the owner of record of approximately 190 acres of real estate north of the Shoshone River and the City of Cody.

5. The property adjacent to the Chicago Burlington Quincy rail line (now the Burlington Northern Santa Fe Railroad), was used as a staging area for the BOR's expansion of the Buffalo Bill Dam in Park County, Wyoming.

6. In addition to the storage of materials for the dam, the BOR leased parcels of this property to a variety of businesses including the Texas Refining Company and Husky Oil Company.

7. In 1999 a local economic development organization, the Cody Economic Development Council ("CEDC") saw an opportunity to develop this property for industrial use for the betterment of the community.

8. On November 9, 2000 the property was conveyed from the BOR to the Park County Board of Commissioners by Congressional Act PL 106-494.

9. Section 1, Paragraph (a)(3) of the Congressional Act states that "the land has been subject to a withdrawal review, a Level I contamination survey, and historical, cultural and archaeological resources surveys by the Bureau of Reclamation."

10. The 190.12 acres of property was conveyed by the BOR via Quitclaim Deed to Park County, Wyoming on March 28, 2001. A corrected version involving the legal description was recorded on August 28, 2001. That Quitclaim Deed contained the following language in Section III:

> A. Pursuant to Section 120(h)(3)(A)(i) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended (CERCLA or "Superfund"), 42 U.S.C. 9620(h)(3)(A)(i), the United States of America, based upon a complete search of agency records provided by the United States Department of Interior, has determined, that there is no known evidence to indicate that any hazardous substances have been released, disposed of, and/or stored for one year or more on the Property.
>
> B. Grantor warrants that all remedial action necessary to protect human health and the environment has been taken before the date of this conveyance. Grantor warrants that it shall take any additional response action found to be necessary after the date of this conveyance regarding hazardous substances located on the Property on the date of this conveyance.

11. Park County transferred the ownership of the property to the Cody Land Development Corporation ("CLDC"), a 501(c)(6) development organization, with the purpose of developing plans for the redevelopment of the 190.12 acres.

12. In 2014, enticed by the potential development of a large pharmaceutical manufacturing facility on the property, the CLDC assigned Lot 7 of the CLDC North Cody Industrial Park Subdivision to Forward Cody Wyoming, Inc. for the construction of a warehouse facility for Cody Laboratories.

13. On April 24, 2015, the CLDC transferred all its assets and holdings to Forward Cody Wyoming, Inc. in an attempt to streamline economic development efforts in Park County.

14. Cody Laboratories requested a Phase I environmental assessment of the property as part of its financing package. The consulting firm AECOM initiated the assessment in June 2014 and identified several environmental issues with Lot 7, including the presence of an oil pipeline, the potential for volatile organic compounds remaining in the soil as a result of prior oil activity and the presence of asbestos-containing building materials.

15. Cody Laboratories contracted with the Enviro Engineering Firm of Casper, Wyoming to remediate the asbestos contamination. This remediation was completed in August 2014.

16. On November 12, 2014 Forward Cody sent a letter to the BOR notifying it of the presence of contamination and the need for the BOR to take responsibility for further investigation and remediation of the acreage.

17. The BOR responded to the Forward Cody letter on December 19, 2014, stating that the BOR was aware of the contamination matter and would place it under review.

18. On April 28, 2015, Forward Cody, the Wyoming Department of Environmental Quality and the BOR met in Cody, Wyoming and toured the site.

19. Construction commenced on the Cody Laboratories warehouse project and on August 28, 2015 the general contractor contacted Forward Cody to report that oily substances had been discovered near the foundation during excavation of the building.

20. Wyoming Department of Environmental Quality ("DEQ"), through the Orphan Site Program, funded the cleanup of this particular contamination.

21. Because of the concern for additional contamination in the soil underneath the warehouse buildings, the Wyoming DEQ recommended that a ventilation system be installed to remove any hazardous or explosive gases from the substrata. The warehouse facility was completed on June 1, 2015.

22. In order to move ahead with a scheduled large expansion by Cody Laboratories on adjacent Lot 8, Forward Cody entered Wyoming's Voluntary Remediation Program.

23. On April 17, 2016 Cody Laboratories purchased a portion of Lot 7 and Lot 8 for its expansion project. Forward Cody subdivided the property for the land sale for the expansion project and, consequently, the legal description for Lots 7 and 8 changed to:

Lots 1 & 2 of the North Cody Industrial Park Minor Subdivision #1; and,
Lot 8A of the CLDC Subdivision (Amended)

However, for the purposes of this Complaint, Plaintiff will continue to refer to the two lots' original designation as Lots 7 and 8.

24. On May 2, 2017 Cody Laboratories informed Forward Cody that another oily contamination had been discovered on Lot 8. The BOR was notified and the contaminated soil was removed from the site.

25. On August 17, 2017 Forward Cody received a work plan suggested by the BOR to investigate Lot 8 with ground penetrating radar, surface soil sampling, adding additional

monitoring wells and the development of a soils management plan. The work plan was approved by Wyoming DEQ.

26.     On January 29, 2018 counsel for the BOR requested a compilation of costs incurred to date by Forward Cody. The cost numbers and documentation therefore were sent to BOR's counsel on the same date.

## CAUSES OF ACTION

### COUNT I: COST RECOVERY PURSUANT TO CERCLA § 107

27.     Forward Cody incorporates as if fully restated herein the allegations of Paragraphs 1-26 above.

28.     Defendant is a "person" as that term is defined under CERCLA pursuant to 42 U.S.C. § 9601(21).

29.     Defendant both caused and inherited releases and threatened releases of CERCLA hazardous substances in the environment on Lots 7 and 8 of the property quitclaimed by the BOR to Forward Cody.

30.     Defendant owned and/or controlled the use of Lots 7 and 8 during the time hazardous substances were disposed of and released on Lots 7 and 8, within the meaning of 42 U.S.C. § 9607.

31.     Defendant arranged for the disposal of the hazardous substances on Lots 7 and 8, within the meaning of 42 U.S.C. § 9607.

32.     The releases and threatened releases by Defendant caused Forward Cody to incur necessary costs of response within the meaning of CERCLA.

33.     The response costs incurred by Forward Cody were consistent with the CERCLA National Contingency Plan.

34. Defendant is a liable party under 42 U.S.C. § 9607(a), thereby entitling Forward Cody to recover, jointly and severally from Defendant, the response costs incurred with regard to Lots 7 and 8.

**COUNT II: CONTRIBUTION PURSUANT TO 42 U.S.C. § 9613**

35. Forward Cody incorporates as if fully restated herein the allegations of Paragraphs 1-34 above.

36. Defendant is a "person" as that term is defined under CERCLA pursuant to 42 U.S.C. § 9601(21).

37. Defendant both caused and inherited releases and threatened releases of CERCLA hazardous substances in the environment on Lots 7 and 8 of the property quitclaimed by the BOR to Forward Cody.

38. Defendant owned and/or controlled the use of Lots 7 and 8 during the time hazardous substances were disposed of and released on Lots 7 and 8, within the meaning of 42 U.S.C. § 9607.

39. Defendant arranged for the disposal of the hazardous substances on Lots 7 and 8, within the meaning of 42 U.S.C. § 9607.

40. The releases and threatened releases by Defendant caused Forward Cody to incur necessary costs of response within the meaning of CERCLA.

41. The response costs incurred by Forward Cody were consistent with the CERCLA National Contingency Plan.

42. Defendant is a liable party under 42 U.S.C. § 9607 (a), thereby entitling Forward Cody to recover from Defendant an equitable share of the response costs incurred with regard to Lots 7 and 8, pursuant to 42 U.S.C. § 9613.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Pursuant to Count I, enter judgment in favor of Forward Cody and against Defendant for costs and damages, not less than $70,027.85, incurred by Forward Cody regarding its North Cody Lots 7 & 8.

B. Pursuant to Count II, enter judgment in favor of Forward Cody and against Defendant for an equitable share of costs and damages incurred by Forward Cody regarding its North Cody Lots 7 & 8.

C. Award Forward Cody such other relief as may be just and appropriate.

DATED this 15th day of July 2019.

USB 7-4859

For Thomas L. Sansonetti, PC (WSB # 5-1546)
HOLLAND & HART LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
Telephone: (307) 778-4200
tlsansonetti@hollandhart.com

ATTORNEYS FOR PLAINTIFF

11309943_v1